DUNLAP BENNETT & LUDWIG

Robert P. Greenspoon
333 N. Michigan Ave
#2700
Chicago, IL 60601
Phone: (312) 551-9500

August 11, 2025

**VIA CM/ECF TO:**

Jarrett B. Perlow
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

**Re: *TrackTime, LLC v. Amazon.com Services LLC, et al.*, No. 24-1102, TrackTime, LLC's Notice of Supplemental Authority**

Dear Mr. Perlow,

Appellant TrackTime, LLC respectfully submits this Rule 28(j) letter to point to relevant new precedential authority on the standards for determining whether a claim is directed to an abstract idea, potentially leading to patent ineligibility under judicial exceptions to 35 U.S.C. § 101. On August 11, 2025, this Court decided *PowerBlock Holdings, Inc. v. iFit, Inc.* (No. 24-1177) (Fed. Cir. Aug. 11, 2025). This decision supports eligibility here, and reversal of the district court's ineligibility decision invalidating claim 9 of U.S. Patent No. 8,856,638.

In *PowerBlock*, this Court reversed an ineligibility determination that invalidated claims 1-18 and 20 of its patent-in-suit. This Court found the claims not directed to an abstract idea at *Alice* step 1. The technology concerned electronic systems that constituted an improvement to selectorized dumbbells. The alleged infringer sought to argue that all structures named in the claims were "'nothing more than conventional components that have existed' in the selectorized dumbbell prior art." (Slip Op. at 10). This Court rejected this framing of the argument, holding: "We decline iFit's invitation to read out or ignore limitations in claim 1 here merely because they can be found in the prior art." (Slip Op. 11, citing *Diamond v. Diehr*, 450 U.S. 175 (1981)).

Similarly here, Appellee urges affirmance under *Alice* step 1 by arguing that all physical structures used within claim 9's "tap-to-jump" media playback and navigation method pre-existed in the prior art. (Red Br. 13-17, esp. 14 ("Conventional computing components carry out the idea") and 17 ("*McRO* is distinguishable because claim 9 is indistinct from the prior art.")). TrackTime in reply correctly rebutted using the principles later articulated in *PowerBlock*: "Amazon argues that individual claim limitations, when isolated, pre-existed in the prior art. (Red Br. 13-16). This is not the proper inquiry." (Gray Br. 9). The new *PowerBlock* decision vindicates TrackTime's reply argument, confirms that there is no preemption problem when claims specify "how" to achieve a result (as the claims do here), and confirms that Amazon's defense of the district court's "abstract idea" conclusion lacks merit.

August 11, 2025

/s/ *Robert P. Greenspoon*
Robert P. Greenspoon

*Counsel for Plaintiff-Appellant*
*TrackTime, LLC*

CC: All counsel of Record