DUNLAP BENNETT & LUDWIG

Robert P. Greenspoon
333 N. Michigan Ave
#2700
Chicago, IL 60601
Phone: (312) 551-9500

June 10, 2026

**VIA CM/ECF TO:**

Jarrett B. Perlow
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

**Re: *TrackTime, LLC v. Amazon.com Services LLC, et al.*, No. 24-1102**
**TrackTime, LLC's Notice of Supplemental Authority**

Dear Mr. Perlow:

TrackTime gives notice under FRAP 28(j) of *Ollnova Technologies Ltd. v. Ecobee Technologies ULC*, No. 25-1045 (Fed. Cir. June 4, 2026).

*Ollnova* vacated a jury verdict on *Alice* step two because the district court's instruction failed to identify the *specific, court-determined* abstract idea, untethering the *Alice* step two inquiry on inventive concept. The Court held that an accurate step one abstract idea instruction needs to precede step two.

This case's jury instruction contained the identical defect. *Ollnova* articulates a new jury instruction legal standard, and this Court has discretion to apply it. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (new rules apply to cases pending on direct review). Like *Ollnova*, the district court instructed the jury to consider only whether the claim elements "involve only activities which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional." (Appx5355). It did not identify the *specific, court-determined* abstract idea. Instructed to consider "any" abstract idea, the jury made its own determination of the abstract idea.

The *Ollnova* standard requires a correct instruction that includes restatement of the court-determined abstract idea, to avoid prejudicial step two deliberation. That prejudice occurred here. *Ollnova* and the interests of justice require the *court-determined* abstract idea to frame *Alice* step two.

*Ollnova* justifies not just a new trial. It also confirms TrackTime's JMOL argument that Amazon's step two evidence was legally insufficient. Without citing the court-determined abstract idea at trial, Amazon's expert testified that the ordered combination was conventional because it represented "the only logical order" to carry out the claimed multimedia navigation steps. But, the court-determined abstract idea omitted reference to multimedia navigation and led equally to closed

captioning and karaoke. (Appx6173-6175; Blue Br. 39-40). Under *Ollnova*, a correct jury instruction would have named the abstract idea, foreclosing Amazon's expert's framing. Because the jury was never instructed to use the court-named abstract idea, Amazon's framing worked. Its expert ignored the court-named abstract idea and presented an erroneous step two analysis. *Ollnova* confirms that this expert testimony was legally insufficient, justifying JMOL.

/s/ *Robert P. Greenspoon*
Robert P. Greenspoon

*Counsel for Plaintiff-Appellant*
*TrackTime, LLC*

CC: All counsel of Record